# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-00917-SCT

*MARY SCAGGS*

*v.*

*GPCH-GP, INC. d/b/a GARDEN PARK MEDICAL CENTER*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/29/2005 |
| TRIAL JUDGE: | HON. JERRY O. TERRY, SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WOODROW W. PRINGLE, III |
| ATTORNEYS FOR APPELLEE: | WILLIAM E. WHITFIELD, III |
| | KIMBERLY S. ROSETTI |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED - 06/15/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., CARLSON AND DICKINSON, JJ.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Mary Scaggs (Scaggs) filed a medical malpractice action against Garden Park Medical Center (Garden Park) on April 12, 2004, arising out of injuries she sustained during a preoperative procedure on March 14, 2002.  Subsequently, Garden Park filed a motion to dismiss the suit on the basis that the applicable statute of limitations had expired.  The trial court determined the suit was time barred and granted Garden Park's motion.  Scaggs then perfected the present appeal with this Court.

## FACTS

¶2.     On March 14, 2002, Scaggs was admitted to Garden Park and scheduled to undergo surgery. During the preoperative process Scaggs fell and sustained injuries to her knee, back and neck while attempting to climb onto a table. Scaggs alleges her injuries are attributable to the directions given to her by an employee of Garden Park.

¶3.     On December 10, 2002, Scaggs sent Garden Park written notice of her intent to pursue a claim. On January 28, 2004, Scaggs, through other counsel, sent Garden Park a second notice of her intention to file suit. Scaggs filed suit on April 12, 2004, against Garden Park in the Circuit Court of Harrison County.

¶4.     Subsequently, Garden Park filed a motion to dismiss and/or for summary judgment. Garden Park's motion averred that because suit was filed after March 14, 2004, Scaggs did not comply with the two-year period of limitations under Miss. Code Ann. Section 15-1-36. Hence, Garden Park maintained the suit was time barred. After considering the pertinent provisions of Miss. Code Ann. Section 15-1-36, the trial court determined that Scaggs did not file her claim in a timely fashion and should be dismissed. Thus, the trial court granted Garden Park's motion.

¶5.     We conclude that the circuit court erred in granting Garden Park's motion to dismiss. Therefore, we reverse and remand for further proceedings.

## ANALYSIS

## I. MOTION TO DISMISS

### *Standard of Review*

¶6.     When considering a motion to dismiss, this Court's standard of review is de novo. "When considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Lang v. Bay St. Louis/Waveland Sch. Dist.*, 764 So. 2d 1234 (Miss. 1999)(citing *T.M. v. Noblitt*, 650 So. 2d 1340, 1342 (Miss. 1995)).  This Court will not disturb the findings of the trial court unless they are manifestly wrong, clearly erroneous or an erroneous legal standard was applied. *Bell v. City of Bay St. Louis*, 467 So. 2d 657, 661 (Miss. 1985).

### Section 15-1-36

¶7.     Scaggs argues the trial court erred in dismissing her case on the basis that the suit was filed outside the applicable period of limitations in accordance with Miss. Code Ann. Section 15-1-36.  Conversely, Garden Park maintains the trial court was correct in determining that under Miss. Code Ann. Section 15-1-36 Scaggs was not within the allowable period to file suit.

¶8.     The relevant provisions of Miss Code Ann. 15-1-36 are as follows:

> (2) For any claim occurring on or after July 1, 1998, and except as otherwise provided in this section, no claim in tort may be brought against a . . . hospital . . . for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered, and, except as described in paragraph (a) and (b) of this sub section, in no event more than seven years after the alleged act, omission or neglect occurred.
>
> . . .

3

(15) No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others. . . .

This case depends on our interpretation of the sixty-day notice provision found in Section 15-1-36(15). As Scaggs argues, this Court recently considered this very issue in *Pope v. Brock*, 912 So. 2d 935 (Miss. 2005). However, in *Pope* the notice was provided within the final sixty-day period of the expiration of the statute of limitations whereas here, notice was provided prior to the final sixty-day period.

¶9.     In *Pope*, after considering Miss. Code Ann. Section 15-1-57 and California precedent, this Court ultimately held the most reasonable interpretation of Miss. Code Ann. Section 15-1-36(15) is that the two-year statute of limitations is tolled for sixty days. The Court also examined Miss. Code Ann. Section 15-1-57 in conjunction with Section 15-1-36. Miss. Code Ann. Section 15-1-57 provides in pertinent part:

When any person shall be prohibited by law . . . from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited . . . shall not be computed as any part of the period of time limited by this chapter for the commencement of such action.

This Court in *Pope* determined Section 15-1-57 "clearly and unambiguously prohibits use of any of the sixty-day notice period in computing the running of the statute of limitations." *Id*. at 938. According to Section 15-1-57 because *Pope* was prohibited by law from filing suit during the mandatory sixty-day period, this sixty-day period could not be computed

against him under the applicable statute of limitations. Thus, in *Pope*, we held that where a plaintiff serves notice of intent to file a claim during the final sixty-day period of the two-year period provided for in Section 15-1-36(2), the two-year statute of limitations effectively becomes a two-year and sixty day statute of limitations.

¶10. "The duty of this Court is to interpret the statutes as written. It is not the duty of this Court to add language where we see fit. '[O]ur primary objective when construing statutes is to adopt that interpretation which will meet the true meaning of the Legislature.'" *Stockstill v. State*, 854 So. 2d 1017, 1022-23 (Miss. 2003)(quoting *Anderson v. Lambert*, 494 So. 2d 370, 372 (Miss. 1986)).

¶11. *Pope* correctly states "[Section 15-1-57] clearly and unambiguously prohibits use of any of the sixty-day notice period in computing the running of the statute of limitations." Also, *Pope* notes there is "no statute which explicitly renders Section 15-1-57 inapposite to this case, although a reasonable argument can be made that it is in conflict with Section 15-1-36(15)." *Pope*, 912 So. 2d at 938. Thus, we conclude the reasonable interpretation of Sections 15-1-36(15) and 15-1-57 requires that the sixty-day notice period may not be used in calculating the statute of limitations, whether notice is given before or during the final sixty-day period of the statute of limitations. Had the legislature used greater specificity in the language when adopting Section 15-1-36(15) perhaps this Court's holding in *Pope*, and our holding today, would be different. As this is not the case, this Court finds whenever a plaintiff files the statutorily required sixty days of notice, the time to file an action is effectively extended by sixty days.

5

¶12.     In accordance with the ***Pope*** rationale, we will now analyze the facts in this case.  A short time line of events should provide an informative resource for examining this issue.

1.    March 14, 2002–Scaggs alleges injuries occurred during the preoperative procedure at Garden Park.

2.    December 10, 2002–Garden Park receives notice demonstrating Scaggs' intent to file a claim.

3.    January 28, 2004–Garden Park receives a second notice of Scaggs' intent to file a claim.

4.    April 14, 2004–Scaggs files suit against Garden Park.

¶13.     The alleged injury occurred on March 14, 2002.  Thus, Scaggs had until May 13, 2004, had she complied with the provisions of 15-1-36 and 15-1-57.  Scaggs provided notice to Garden Park of her intention to file suit on December 10, 2002, by actual written notification to Garden Park of her intention to bring an action.  See Miss. Code Ann. § 75-1-201(25) (Rev. 2002).  Scaggs' second written notification of her intent to pursue a claim on January 28, 2004, did not serve as notice of a new claim as it was in effect a mere reminder to Garden Park that the possible claim for negligence continued to exist.[1]   Therefore, the sixty-day notice period commenced on December 10, 2002 and expired on February 7, 2002.

¶14.     Moreover, in accordance with Section 15-1-57 the sixty-day notice period should not be calculated in the applicable two-year statute of limitations.  Therefore, Scaggs' time to file suit was extended sixty days past the two-year anniversary of her alleged injuries which

---

[1]During oral argument before this Court, Garden Park conceded the first letter Scaggs sent to them provided adequate notice a lawsuit would possibly be filed.

6

occurred March 14, 2004.[2]  Scaggs properly filed her suit within the time frame in question

on April 14, 2004.  The trial court did not have the benefit of this Court's decision in **Pope**

when it dismissed Scaggs' claim as time barred; nonetheless we find the trial court erred in

its application of Section 15-1-36(15).

## CONCLUSION

¶15.    After due consideration of Sections 15-1-36(15) and 15-1-57, we find the circuit

incorrectly granted Garden Park's motion to dismiss.  Therefore, the judgment of the circuit

court should be reversed, and the case should be remanded to the circuit court for further

proceedings consistent with this opinion.

¶16.    **REVERSED AND REMANDED.**

**WALLER, P.J., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR.  COBB, P.J., AND DIAZ, J., CONCUR IN RESULT ONLY.  GRAVES, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ AND CARLSON, JJ.**

**GRAVES, JUSTICE, SPECIALLY CONCURRING:**

¶17.    The majority in this case, like the majority in **Pope v. Brock**, 912 So. 2d 935 (Miss.

2005), offers a protracted and ambiguous analysis of the issue before this Court, while adding

little, if any, clarification as to how Miss. Code Ann. Section 15-1-57 interacts with Miss.

Code Ann. Section 15-1-36(15).  As I stated in my specially concurring opinion in **Pope**,

Section 15-1-57 mandates that the statute of limitations be tolled during the notice period

found in Section 15-1-36(15), regardless of the facts of a particular case.  *See **Pope***, 912 So.

2d at 940 (Graves, J., specially concurring).  Until this Court authors a majority opinion

_____

[2]Sixty days after March 14, 2004 is May 13, 2004.

which clearly and succinctly admits as much, the trial judges and attorneys of this state will continually struggle to make sense of these statutes, and this Court will be compelled to continue its confusing and piecemeal approach to the resolution of this important issue.

**DIAZ AND CARLSON, JJ., JOIN THIS OPINION.**