953 So.2d 1123 (2006)
Daisy D. JOINER, Appellant
v.
Edward (Ed) K. PHILLIPS, M.D. and Radiological Group, P.A., Appellees.
No. 2005-CA-00923-COA.
Court of Appeals of Mississippi.
September 5, 2006.
Rehearing Denied April 10, 2007.
*1124 Betty Rutland Todd, Clinton, attorney for appellant.
John W. Chapman, Jan F. Gadow, Jackson, attorneys for appellees.
Before LEE, P.J., SOUTHWICK and ISHEE, JJ.
*1125 SOUTHWICK, J., for the Court.
¶ 1. A patient filed suit against several medical providers for malpractice. In addition to those named as defendants, unknown additional medical professionals were listed under the generic names of John and Jane Does. The physician and physicians' group who are the subject of this appeal were not initially named as defendants. Instead, two years after the complaint was filed, the plaintiff sought leave to add the doctor and his clinic. They were added, then later sought summary judgment based on the statute of limitations. The Hinds County Circuit Court granted these two defendants' summary judgment motion after first giving the plaintiff additional time for discovery. The judgment in favor of those two parties is the sole matter brought to us on appeal. We affirm.

FACTS
¶ 2. On August 14, 1996, Dr. John Wooley performed plaintiff Daisy D. Joiner's initial surgery at Mississippi Baptist Medical Center (Baptist). Dr. Thomas Wiley, the physician then on duty at Baptist, discharged Joiner on August 16, 1996. On August 17, 1996, Joiner complained of abdominal pain and spoke to Dr. Wiley by phone. Dr. Wiley met Joiner at the Baptist emergency room and re-admitted her. Diagnostic x-rays were taken. Dr. Wiley determined Joiner had a post operative ileus. The defendant-appellee Dr. Edward K. Phillips, a radiologist, read these x-rays, prepared a report, and consulted with Dr. Wiley on August 18, 1996. This consultation was not disclosed by Dr. Wiley in response to interrogatories that specifically asked of any such consultation. On August 20, 1996, a CT scan and additional abdominal x-rays were taken of Joiner. Dr. Phillips read the x-ray and prepared a second report. Joiner knew of a reported abnormality on this date. On August 22, 1996, Joiner underwent exploratory surgery by Dr. Charles Lloyd Secrest. This surgery revealed a ligature injury to Joiner's left ureter. It is not disputed that on August 22, 1996, Joiner had actual knowledge of her injuries. On August 11, 1998, Joiner filed a suit against Dr. Wiley and Dr. Wooley. Joiner's claims against these defendants were unresolved at the time of the perfection of the record on this appeal involving an additional doctor.
¶ 3. Joiner filed a motion for leave to amend her complaint on June 22, 2000. She wished to add as defendants Dr. Ed Phillips and the Radiological Group at which he worked. This motion was granted on September 15, 2000. A few weeks later, Joiner filed an amended complaint naming Dr. Phillips and Radiological Group as defendants. In 2004, Dr. Phillips and Radiological Group filed a motion for summary judgment based on the affirmative defense of the statute of limitations. After giving the plaintiff additional time for discovery, the circuit court granted judgment to these two parties on March 1, 2005. The court also determined that the judgment was final as to these parties, as there was no just reason for delay under Rule of Civil Procedure 54(b).

DISCUSSION
ISSUE 1: Medical Malpractice Statute of Limitations
¶ 4. Joiner argues that the trial court erred as a matter of law in finding that Joiner's cause of action accrued no later than August 22, 1996, and that the statute of limitation ran on August 23, 1998. Joiner also argues that she was unaware of causative negligence by Dr. Phillips until late spring of 2000. Because of this, Joiner argues that she did not know of any cause of action against Dr. Phillips. Joiner relies on the premise that a cause of *1126 action can accrue much later than the time of treatment when subsequently obtained medical records and expert review first make a plaintiff aware of the cause of action. Sarris v. Smith, 782 So.2d 721, 725 (Miss.2001). We examine the precedent on which Joiner relies.
¶ 5. In Sarris, a patient was released from a hospital after a cardiologist failed to advise the patient to seek follow-up care and failed to note on the patient's chart that follow-up care was required. Id. at 722. The patient was released from the hospital and died from a heart attack about two weeks later. Id. The patient's wife attempted to obtain her husband's medical records two months after his death, but she was unable to obtain them until nine months after his death. Id. A medical expert reviewed the records and discovered the allegedly negligent acts of the cardiologist. Id. The Mississippi Supreme Court held that, without the medical records, the patient's widow was unable to discover the actions giving rise to a claim for medical malpractice. Suit was timely filed within two years after receiving the medical records but well after two years of the patient's death. Id. at 723. The statute of limitations was found to have been tolled for nine months, reflecting the time taken for the hospital to produce the records despite the plaintiff's persistent and diligent inquiry. Id. at 725. The court also held that the statute of limitations should not always be tolled when medical records are undergoing expert review. Id.
¶ 6. The issue of whether the applicable statute of limitations has run is a question of law. Wayne Gen'l Hosp. v. Hayes, 868 So.2d 997, 1000 (Miss.2004). Medical malpractice claims are governed under a two year statute of limitations which begins to run "from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered." Miss.Code Ann. § 15-1-36 (Supp.2002). This language, commonly referred to as the discovery rule, has been applied to begin the statute of limitations when "the patient can reasonably be held to have knowledge of the injury itself, the cause of the injury, and the causative relationship between the injury and the conduct of the medical practitioner." Powe v. Byrd, 892 So.2d 223, 227 (Miss.2004) (quoting Smith v. Sanders, 485 So.2d 1051, 1052 (Miss.1986)). The purpose of the discovery rule is to ensure that an injured person is protected even though the injury cannot be discovered through reasonable diligence. Hayes, 868 So.2d at 1001. Whether the discovery rule tolls the period in which to sue, requires a fact-intensive inquiry. PPG Architectural Finishes, Inc. v. Lowery, 909 So.2d 47, 50 (Miss.2005). The Supreme Court stated that recent case law has reduced the required level of knowledge for the time period to commence. Id.
¶ 7. The discovery rule, as opposed to the relation-back issues we will discuss later, does not apply to known, non-latent injuries. Robinson v. Singing River Hosp. Sys., 732 So.2d 204, 208 (Miss.1999). In Robinson, the injury and the connection to the physical therapy that was being received had to have been known immediately. Id. Therefore, the cause of action accrued immediately upon the date of a traumatic injury. Id. The issue here, of course, is whether as of that date, a plaintiff is bound to know of all the contributors to the injury. To what extent is there a tolling of the limitations period as responsible parties are identified?
¶ 8. Joiner concedes that she was aware of her injuries on August 22, 1996. Joiner was also aware that Dr. Phillips had some involvement in her treatment in August 1996, even if that involvement was *1127 only his taking or interpreting x-rays. This situation is distinguishable from Sarris. The discovery rule was applied in Sarris because the actionable injury was not discoverable until the medical records were available. Sarris, 782 So.2d at 723. Joiner, unlike Sarris, did not request her medical records until nearly two years after her treatment. These records were always available to her. Dr. Phillips appeared on the medical records as the radiologist reviewing and reporting on Joiner's x-rays. Joiner filed the original action just two weeks shy of the statute of limitations deadline and did not name Phillips as a party. If Joiner had exercised due diligence, her medical expert would have identified what role Dr. Phillips had in Joiner's treatment and a claim could have been filed against Phillips within the two year limitations period.
¶ 9. Joiner had a known, meaning a non-latent injury, and she had access to medical records on August 22, 1996. Dr. Phillips was clearly identified on the medical records as the reporting radiologist. No investigatory work was undertaken to ascertain what involvement Dr. Phillips may have had in contributing to Joiner's injury until almost two years after Joiner knew of her injury.
ISSUE 2: Tolling Statute of Limitations
¶ 10. Joiner alternatively argues that her claim against Dr. Philips relates back to the original complaint. M.R.C.P. 9(h) & 15(c). Joiner's original compliant named a John and Jane Doe as defendants. Joiner argues that through discovery she was able to identify Dr. Phillips and the Radiological Group as the Doe defendants.
¶ 11. The Mississippi Supreme Court has stated that naming fictitious parties applies where a plaintiff knows of responsible parties but cannot identify these parties except through use of discovery or other judicial tools. Rawson v. Jones, 816 So.2d 367, 369 (Miss.2001). The Court reiterated that plaintiffs cannot take their time in pursuing their rights but must be diligent to inquire about the identity of a party for relation back to apply. Id.
¶ 12. Joiner was never ignorant of the identity of Dr. Phillips or the Radiological Group. Joiner argues that her situation is similar to that of a person who is on the wrong path and only by happenstance learns of that error. We find that Joiner was on the right path but just was not looking carefully at what was along that way. Plaintiffs must exercise due diligence in pursuing a claim by inquiring as to the role known potential defendants, like Dr. Phillips, had in contributing to the cause of injury, and this must be done within the limitations period.
¶ 13. Joiner also alleges that Dr. Wiley fraudulently concealed the fact of consulting with Dr. Phillips. Fraudulent concealment arises from affirmative acts that prevent discovery of a relevant fact despite the plaintiff's exercise of due diligence. Nygaard v. Getty Oil Co., 918 So.2d 1237, 1242 (Miss.2005). There is no evidence of that.
¶ 14. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.