*879
 
 KING, C.J.,
 

 for the Court.
 

 ¶ 1. Dr. Kristi Blessitt filed a complaint alleging medical malpractice against King’s Daughters Hospital of Yazoo County, Inc. (KDH), Dr. William P. Thompson, Dr. Lawrence Madison Sutton, Jr., Dr. Gary A. Cirilli, and John Does One through Five. Dr. Thompson moved to dismiss the complaint arguing that it was filed outside of the applicable limitations period provided by Mississippi Code Annotated section 15-1-36(1) (Rev.2003). Dr. Cirilli and KDH joined Dr. Thompson’s motion to dismiss, and they filed independent motions to dismiss, which also argued that the statute of limitations had expired. After hearing arguments, the trial court agreed that the statute of limitations had expired before Blessitt filed her complaint. Accordingly, the trial court dismissed Bles-sitt’s claims against KDH, Dr. Thompson, and Dr. Cirilli (when referred to collectively, KDH) with prejudice. Finding that there was no just reason for delay, the trial court directed the entry of a final judgment as to Blessitt’s claims against KDH, Dr. Thompson, and Dr. Cirilli pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure.
 

 ¶ 2. Blessitt appeals, arguing that her complaint was timely filed under Mississippi Code Annotated section 15-1-36(15) (Rev.2003), which provides a sixty-day extension of time if the plaintiff serves notice of the claim within sixty days prior to the expiration of the statute of limitations. Upon examination of the cases construing section 15-1-36(15), this Court finds that a proper application of the sixty-day extension supports the trial court’s holding that Blessitt’s complaint was untimely filed. Therefore, this Court affirms.
 

 FACTS
 

 ¶ 3. Blessitt filed her complaint for damages on January 18, 2007, asserting that on May 10-11,1998, she received trauma care at KDH after being involved in a single-car accident. Blessitt claimed that during her treatment at KDH, she experienced severe head and neck pain, which she reported to her treating physicians and the hospital staff. As a result of these complaints, it was ordered that a CT scan be performed on Blessitt prior to her discharge. For some reason, no CT scan was performed, and Blessitt was released from the hospital with without proper treatment for the injuries associated with her complaints of severe head and neck pain. Blessitt alleged that for years she continued to experience neck pain and made diligent efforts to discover its cause. According to Blessitt, it was only after a November 11, 2004, MRI revealed that she had suffered a burst fracture of the C-7 vertebra attributable to the May 10, 1998, ear accident that had not been diagnosed by physicians and staff at KDH, that she became aware of the cause of her pain. Blessitt stated that KDH and her treating physicians were obligated to insure that the CT scan was in fact performed prior to releasing her from the hospital in May 1998. Blessitt alleged that KDH and the named doctors were negligent in failing to ensure that the CT scan had been performed as ordered, and this negligence resulted in her departure from the hospital with an undiagnosed cervical burst fracture that caused her great physical and mental pain, medical expenses, lost wages, and decreased her earning capacity.
 

 ¶ 4. The parties agree that Mississippi Code Annotated section 15-1-36(1) sets forth the limitations period applicable to Blessitt’s medical malpractice claim. That section states:
 

 For any claim accruing on or before June 30, 1998, and except as otherwise provided in this section, no claim in tort may be brought against a licensed phy
 
 *880
 
 sician, osteopath, dentist, hospital, institution for the aged or infirm, nurse, pharmacist, podiatrist, optometrist or chiropractor for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered.
 

 Miss.Code Ann. § 15-1-36(1). This statute incorporates the discovery rule, which is applied to begin the running of the statute of limitations when “the patient can reasonably be held to have knowledge of the injury itself, the cause of the injury, and the causative relationship between the injury and the conduct of the medical practitioner.”
 
 Joiner v. Phillips,
 
 953 So.2d 1123, 1126(¶ 6) (Miss.Ct.App.2006) (quoting
 
 Powe v. Byrd,
 
 892 So.2d 223, 227(¶ 16) (Miss.2004)). In her response to the motions to dismiss, Blessitt argued that the discovery rule applied to her claim, because even with the exercise of reasonable diligence, it was November 11, 2004, when she first discovered that KDH had failed to diagnose the burst fracture, which was the source of her pain.
 

 ¶ 5. KDH countered that even if the discovery rule applied, Blessitt’s claim was filed outside of the statute of limitations, because the last day upon which Blessitt could have timely filed her complaint was January 10, 2007. KDH calculated this as the final day by adding the two-year limitations period provided by section 15-1-36(1) to the sixty-day notice period provided by Mississippi Code Annotated section 15-1-36(15). That section states:
 

 No action based upon the health care provider’s professional negligence may be begun unless the defendant has been given at least sixty (60) days’ prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others. This subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name.
 

 Miss.Code Ann. § 15-1-36(15). Notice under section 15-1-36(15) is required for any medical malpractice claim filed on or after January 1, 2003, regardless of when the claim accrued.
 
 Forest Hill Nursing Ctr. and Long Term Care Mgmt., LLC v. Brister,
 
 992 So.2d 1179, 1188(¶ 29) (Miss.2008). In compliance with section 15-1-36(15), Blessitt served KDH with notice on September 22, 2006. Blessitt correctly noted that she was prohibited from filing suit during the sixty-day notice period, which began on September 22, 2006 and expired on November 21, 2006. Blessitt argued that the effect of the sixty-day notice period was to afford her an additional sixty days from the date that the notice period expired in which to file suit. However, Blessitt contended that she had sixty days from November 22, 2006, or until January 22, 2007, to file her complaint. KDH argued that the sixty-day notice period during which Blessitt was barred from filing suit extended the two-year statute of limitations by only sixty days. Therefore, Blessitt had sixty days from November 11, 2006, the original expiration date of the statute of limitations to file suit, or until January 10, 2007. The trial court agreed
 
 *881
 
 and ruled that Blessitt’s complaint filed on January 18, 2007, was untimely filed.
 

 STANDARD OF REVIEW
 

 ¶ 6. The trial court’s dismissal of an action due to the expiration of the statute of limitations presents a question of law that is subject to de novo review.
 
 McClain v. Clark,
 
 992 So.2d 636, 637(¶ 3) (Miss.2008).
 

 LAW AND ANALYSIS
 

 WHETHER THE TRIAL COURT CORRECTLY DISMISSED THE COMPLAINT AS UNTIMELY FILED.
 

 ¶ 7. Both parties renew their statute of limitations arguments on appeal. Blessitt argues that she was entitled to be afforded a full sixty days after the expiration of the sixty-day notice period required by section 15-1-36(15) in which to file her complaint. Blessitt argues that she had sixty days from November 22, 2006, or until January 22, 2007, to file suit. KDH argues that the sixty-day notice period during which Bles-sitt was barred from filing suit extended the two-year statute of limitations by only sixty days, giving Blessitt until January 10, 2007, to file suit.
 

 ¶ 8. Additionally, KDH now argues that the discovery rule does not apply in this case; therefore, the statute of limitations expired two years after Blessitt’s discharge from KDH. “Application of the discovery rule is a fact-intensive process.”
 
 Huss v. Gayden,
 
 991 So.2d 162, 166(¶ 6) (Miss.2008) (quoting
 
 Sarris v. Smith,
 
 782 So.2d 721, 725(¶ 16) (Miss.2001)). “ ‘[T]he date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered[,]’ is often an issue that must be resolved by a finder of fact on a case-by-case basis.”
 
 Id.
 
 at 168(¶ 12) (internal citation omitted). It is the law in Mississippi that “the plea of statute of limitations is an affirmative defense for which the party asserting it has the burden of proof.”
 
 Id.
 
 at 165(¶ 4). In the trial court, both KDH and Blessitt made their statute of limitations arguments assuming that the discovery rule applied; KDH never requested a ruling on the applicability of the discovery rule. However, assuming that the discovery rule applied to Blessitt’s claim, under clear precedent of our supreme court, her claim was filed outside the statute of limitations. Therefore, this Court affirms this appeal without undertaking a determination of whether November 11, 2004, was the “date the alleged act, omission or neglect shall or with reasonable diligence might have been discovered,” or whether it was May 1998. This Court thus proceeds to determine the issue presented, assuming for the purposes of the discussion that the discovery rule applied.
 

 ¶ 9. Our resolution of this issue requires us to examine the supreme court’s recent decisions concerning the effect of the sixty-day notice provision on the two-year statute of limitations for medical malpractice. The first of these cases is
 
 Pope v. Brock,
 
 912 So.2d 935 (Miss.2005). In that case, an estate administrator, Ginger M. Pope, served several medical-care providers with notice of the estate’s claim that professional negligence had caused the death of Nancy Springer on June 2, 2001.
 
 Id.
 
 at 936(¶ 2). Pope served the notice two days before the expiration of the two-year limitations period for medical malpractice.
 
 Id.
 
 Sixty days later, Pope filed suit.
 
 Id.
 
 The trial court dismissed Pope’s complaint, finding that the suit was barred by the statute of limitations.
 
 Id.
 

 ¶ 10. At issue on appeal was the meaning of the provision in section 15-1-36(15) stating: “If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the
 
 *882
 
 time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others.”
 
 Id.
 
 at 936-37(¶ 5). The supreme court found that the statute was ambiguous because the statutory language was susceptible of two equally reasonable interpretations.
 
 Id.
 
 at 937(¶ 9), 938 (¶¶ 11-12). The supreme court found that because section 15-1-36(15) does not expressly toll the statute of limitations during the sixty-day notice period, the statute could reasonably set the last day suit may be filed at “sixty days from the service of the notice.”
 
 Id.
 
 at (¶ 11). However, the court observed that under that interpretation, the statute of limitations would effectively bar Pope’s suit or that of any plaintiff who filed the notice within sixty (60) days before the expiration of the statute of limitations.
 
 See id.
 
 at 937(¶ 7). This is because the sixty-day notice period during which suit is prohibited and the sixty-day extension of time would begin and end simultaneously.
 
 See id.
 

 ¶ 11. The supreme court rejected this restrictive interpretation in favor of the more reasonable interpretation that the language “shall be extended sixty (60) days” tolls the statute of limitations for sixty days.
 
 Id.
 
 at 938(¶ 12); 939(¶ 21). Under that interpretation, Pope had two years, plus the sixty-day extension, in which to file suit.
 
 Id.
 
 The supreme court found this to be the most reasonable interpretation of the legislative intent for several reasons, including the effect of another statute, Mississippi Code Annotated section 15-1-57 (Rev.2003).
 
 Id.
 
 at 939(¶ 20). Section 15-1-57 prevents the applicable statute of limitations from running during the time when a person is prohibited by law from suing. Miss.Code Ann. § 15-1-57. The statute provides:
 

 When any person shall be prohibited by law, or restrained or enjoined by the order, decree, or process of any court in this state from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited, enjoined or restrained, shall not be computed as any part of the period of time limited by this chapter for the commencement of such action.
 

 Id. The supreme court found that section 15-1-57 precluded the use of any of the sixty-day notice period during which Pope was prohibited from filing suit to compute the running of the statute of limitations. Id. at 938(¶ 15). Because Pope had served the notice two days before the expiration of the two-year statute of limitations, once the sixty-day notice period expired, she had two days remaining in which to file her complaint, and the suit was timely filed. Id. at 939(¶ 20).
 

 ¶ 12. The supreme court refined its consideration of the operation of section 15-1-36(15) in Proli
 
 v. Hathorn,
 
 928 So.2d 169 (Miss.2006). The two-year statute of limitations on Hathorn’s medical malpractice claim was set to expire on May 18, 2004.
 
 Id.
 
 at 170(¶ 3). Hathorn mailed a written notice of claim to Dr. Proli on April 22, 2004, who received it on April 30, 2004.
 
 Id.
 
 Hathorn filed her complaint on June 24, 2004, and Dr. Proli moved to dismiss the complaint as untimely filed.
 
 Id.
 
 The trial court denied the motion holding the notice was served when Dr. Proli received it, on April 30, 2004.
 
 Id.
 
 at 171(¶ 4). The supreme court heard Dr. Proli’s interlocutory appeal.
 
 Id.
 
 Dr. Proli argued that Rule 5 of the Mississippi Rules of Civil Procedure applied to the service of notice under section 15-1-36(15), and it mandated that service was complete upon mailing.
 
 Id.
 
 at 172(¶ 7). The supreme court agreed, and found that under Rule 5, the date of service of notice upon Dr. Proli was the date of mailing, April 22, 2004.
 
 Id.
 
 at 173(¶ 12). However, the supreme court rejected Dr. Proli’s argument
 
 *883
 
 that the limitations period expired sixty days after service of notice under section 15-1-86(15).
 
 Id.
 
 at 175(1121). Expounding on
 
 Pope,
 
 the supreme court explained that section 15-1-36(15), when read in conjunction with section 15-1-57, does not toll the two-year statute of limitations, but it operates to extend the two-year statute of limitations for an additional sixty days.
 
 Id.
 
 at 174(¶ 18).
 

 ¶ 13. Next, the supreme court applied its interpretation of the operation of the statutes to the facts attendant to Hat-horn’s complaint. The supreme court explained:
 

 Here, the statute of limitations began to run on May 18, 2002. Normally, the statute of limitations would end on May 18, 2004. However, Miss.Code Ann. § 15-1-36(15) required a 60-day notice period, but this 60 day period could not be computed as part of the two-year statute of limitations.
 
 See
 
 Miss.Code Ann. § 15-1-57. When Hathorn mailed her service of notice on April 22, 2004, she had to wait until June 21, 2004, and no later than July 17, 2004, to file her case. Hathorn filed her complaint on June 24, 2004, which was within the statute of limitations. Accordingly, the trial court decision is affirmed, but based upon different grounds.
 

 Id.
 
 at 175(¶ 20). Thus, in
 
 Proli,
 
 when the plaintiff filed notice within sixty days of the expiration of the statute of limitations, the limitations period was extended for an additional sixty days. After the expiration of the sixty-day notice period on June 21, 2004, the plaintiff had the twenty-six days remaining in the extended limitations period in which to file suit, or until July 17, 2004.
 
 Id.
 

 ¶ 14. In
 
 Scaggs v. GPCH-GP, Inc.,
 
 931 So.2d 1274, 1275 (¶¶ 2-3) (Miss.2006), the supreme court considered a situation where the plaintiff had served the required notice of her medical malpractice claim on December 10, 2002, earlier than sixty days before the expiration of the two-year statute of limitations on March 14, 2004. The trial court dismissed the plaintiffs complaint, filed on April 12, 2004, as untimely filed.
 
 Id.
 
 at (¶ 4). On appeal, the supreme court recognized that in
 
 Pope,
 
 it had “held that where a plaintiff serves notice of intent to file a claim during the final sixty-day period of the two-year period provided for in [sjection 15-1-36(2), the two-year statute of limitations effectively becomes a two-year and sixty[-]day statute of limitations.”
 
 Id.
 
 at 1276(¶ 9). The issue in
 
 Scaggs
 
 was whether, pursuant to
 
 Pope,
 
 the two-year statute of limitations is extended for sixty days even when notice is filed earlier than within the final sixty days before the expiration of the statute of limitations.
 
 Id.
 
 at (¶ 8). Again, the court considered the operation of section 15 — 1— 57, which prevents the statute of limitations from running during the time when a person is prohibited by law from suing.
 
 Id.
 
 at (¶¶ 9-11).
 

 ¶ 15. The supreme court concluded that “the reasonable interpretation of [sjections 15-1-36(15) and 15-1-57 requires that the sixty-day notice period may not be used in calculating the statute of limitations, whether notice is given before or during the final sixty-day period of the statute of limitations.”
 
 Id.
 
 at 1276-77(¶ 11). Further, the supreme court declared that “whenever a plaintiff files the statutorily required sixty days of notice, the time to file an action is effectively extended by sixty days.”
 
 Id.
 
 at 1277(¶ 11). Applying this rationale to the facts presented by the appeal, the supreme court found that because the injury occurred on March 14, 2002, and Scaggs filed the statutorily required notice, Scaggs had until May 13, 2004, to file the complaint.
 
 Id.
 
 at (¶ 13). Because Scaggs filed suit within that time,
 
 *884
 
 her complaint was timely filed.
 
 Id.
 
 at (¶ 14).
 

 ¶ 16. Having set out the applicable precedent, we turn to the facts presented by this appeal. According to the complaint, Blessitt was injured in a car accident on May 10, 1998, and was treated for her injuries at KDH on May 10-11, 1998. She allegedly was discharged with an undiagnosed burst fracture, and in the ensuing years, she suffered from persistent neck pain. On November 11, 2004, Bles-sitt allegedly discovered that her condition was attributable to KDH’s negligence; assuming the discovery rule applied as alleged to trigger the statute of limitations on November 11, 2004, then the two-year statute of limitations would normally have expired on November 10, 2006. Blessitt served her notice of claim on September 22, 2006, and filed her complaint on January 18, 2007.
 

 ¶ 17. Blessitt argues that she had sixty days from the expiration date of the sixty-day notice of claim in which to file her complaint. However,
 
 Pope, Proli,
 
 and
 
 Scaggs
 
 clearly refute the proposition that the sixty-day extension runs from the expiration date of the notice of claim because those cases held that the sixty-day extension runs from the final day of the two-year limitations period.
 
 Pope, Proli,
 
 and
 
 Scaggs
 
 plainly hold that under sections 15-1-36(15) and 15-1-57, the two-year statute of limitations is extended for sixty days to compensate for the sixty days during which the plaintiff is prohibited from filing suit.
 

 ¶ 18. Blessitt was injured in a single car collision on May 10, 1998 and treated by the defendants. She complained of severe neck pain for which a CT scan was ordered to determine the source of her complaint, but it was not preformed. On November 11, 2004, a MRI revealed that the source of Blessitt’s pain was an injury arising out of her automobile collision, which the defendants failed to diagnose. On September 22, 2006, Blessitt served the sixty-day notice of a claim for damages from medical malpractice upon the defendants. The two-year statute of limitations was scheduled to expire on November 11, 2006. Between September 22, 2006, and November 21, 2006, Blessitt was prohibited from filing suit against the defendants. The statute of limitations was extended for sixty days from November 11, 2006 to January 10, 2007. Blessitt filed her lawsuit on January 18, 2007. Clearly under the most liberal interpretation of the statute of limitations, Blessitt’s claim was filed beyond the statute of limitations. Therefore, we affirm the dismissal of Blessitt’s complaint with prejudice.
 

 ¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF YAZOO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.