ROBERTS, J.,
for the Court:
¶ 1. Louis Wallace filed a wrongful-death suit in the Lowndes County Circuit Court as the administrator of Cynthia Gilkey Wallace’s (Gilkey) estate.[1] Wallace sued Dr. Emad H. Mohamed, Bristol-Myers Squibb Co., and Sanofi-Synthelabo, Inc. Dr. Mohamed intervened in the estate-administration proceedings in the Lowndes County Chancery Court and had Wallace removed as the administrator of the estate. Dr. Mohamed then successfully moved to dismiss Wallace’s wrongful-death suit. Wallace appeals and argues that the circuit court erred when it dismissed the wrongful-death suit. We agree. Therefore, we reverse the circuit court’s judgment to grant Dr. Mohamed’s motion to dismiss. Additionally, we remand this case to the circuit court for further proceedings consistent with this opinion.
FACTS AND PROCEDURAL HISTORY
¶ 2. This is the second appeal regarding the events that occurred after Gilkey’s death, although the previous appeal addressed the administration of the estate. See Estate of Wallace ex rel. Wallace v. Mohamed, 55 So.3d 1088 (Miss.Ct.App. 2010). The underlying facts in our previous opinion stated:
On September 29, 2005, Wallace filed a petition for administration, requesting that he be appointed as administrator of Gilkey’s estate. His petition alleged that Gilkey had passed away “as a result of a fatal condition believed to have been caused by medical negligence.” The petition stated that Wallace had “individually, and on behalf of [his and Gilkey’s son, Christopher Wallace], a minor, retained [an attorney] to investigate and prosecute any claim they may have due to the death of [Gilkey].... ” [Gilkey’s daughter], J’Bria[,] joined in Wallace’s petition. On October 4, 2005, the chancery court granted Wallace’s petition and appointed him as the administrator of Gilkey’s estate. The court’s decree stated that Gilkey was “believed to have left as her sole and only heirs[-]at-law, [Wallace] her husband, her natural daughter [J’Bria], an adult, and [Christopher], a minor, her natural son.”
Id. at (¶ 4). As the administrator of the estate, Wallace filed a wrongful-death complaint against Dr. Mohamed. Dr. Mohamed filed a motion to intervene in the estate-administration proceedings. Dr. Mohamed claimed that Gilkey had married Keith Magee on January 12, 1984. Dr. Mohamed further claimed that Gilkey had never been divorced from Magee. Dr. Mohamed reasoned that Wallace was never legally married to Gilkey; therefore, the chancery court should remove Wallace as the administrator of the estate.
¶ 3. The chancellor ultimately granted Dr. Mohamed’s request to remove Wallace as the administrator of the estate. After Dr. Mohamed succeeded in having Wallace removed as the administrator, Dr. Mohamed returned his attention to the circuit *66 court proceedings. Dr. Mohamed filed a motion to dismiss the wrongful-death suit based on the argument that Wallace had no standing to file it because he was not the proper administrator of the estate. The circuit court granted Dr. Mohamed’s motion and dismissed the wrongful-death suit.
¶ 4. Meanwhile, Wallace appealed the chancery court’s decision to allow Dr. Mohamed to intervene in the estate-administration proceedings. Wallace also appealed the chancery court’s decision to remove Wallace as the administrator of the estate. We reversed both of the chancery court’s decisions. Id. at (¶ 20). We then remanded the estate-administration proceedings to the chancery court and instructed the chancellor to reinstate Wallace as the administrator of the estate. Id. Wallace now appeals the circuit court’s judgment, which granted Dr. Mohamed’s motion to dismiss the wrongful-death suit.
STANDARD OF REVIEW
¶ 5. ‘When considering a motion to dismiss, this Court’s standard of review is de novo.” Scaggs v. GPCH-GP, Inc., 931 So.2d 1274, 1275 (¶6) (Miss.2006). “[T]he allegations in the complaint must be taken as true[,] and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim.” Id. (citation omitted).
ANALYSIS
¶ 6. Wallace argues that the circuit court erred when it granted Dr. Mohamed’s motion to dismiss based on the premise that Wallace did not have standing to file the wrongful-death suit. Naturally, Dr. Mohamed argues that the circuit court was correct. According to Dr. Mohamed, ‘Wallace is not entitled to recover for [Gilkeyl’s death, and he is not [her] estate’s representative.”
¶ 7. However, Dr. Mohamed’s argument is grounded on the chancery court’s decision to remove Wallace as the administrator of the estate. As previously mentioned, we reversed the chancery court’s judgment and remanded the estate-administration proceedings with instruction to reinstate Wallace as the administrator of the estate. Estate of Wallace, 55 So.3d at 1093 (¶ 20).
¶ 8. As set forth by Mississippi Code Annotated section 91-7-233 (Rev.2004), “administrators ... may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted.” Mississippi Code Annotated section 11-7-13 (Rev.2004) sets forth that an action for damages in a wrongful-death suit may be brought “in the name of the personal representative of the deceased person.” Furthermore, Mississippi Rule of Civil Procedure 17(a) states that “[a]n ... administrator ... may sue in his representative capacity without joining with him the party for whose benefit the action is brought.”
¶ 9. “[Standing is to be determined as of the commencement of suit.” Delta Health Group, Inc. v. Estate of Pope ex rel. Payne, 995 So.2d 123, 126 (¶ 13) (Miss.2008) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 571, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). “[I]n the event the litigants wish to pursue a claim on behalf of the estate of the deceased, such estate must, of course, be opened and administered through the chancery court.” Id. at 125 (¶ 12) (citation omitted). Based on our decision in the appeal of the estate-administration proceedings, as of the commencement of the wrongful-death suit, Wallace was the duly appointed and acting administrator of the estate. It follows that *67 Wallace had standing to file the wrongful-death suit. By extension, the circuit court erred when it granted Dr. Mohamed’s motion to dismiss the wrongful-death suit. We therefore reverse the circuit court’s judgment that granted Dr. Mohamed’s motion to dismiss and remand the wrongful-death suit to the circuit court’s active trial docket for further proceedings consistent with this opinion.
¶ 10. Another matter bears discussion. In August 2008, Wallace filed a motion to substitute his and Gilkey’s biological son, Christopher, as the plaintiff in the wrongful-death suit. The circuit court denied Wallace’s motion on the basis that Wallace lacked standing to file the wrongful-death suit; therefore, there could be no substitution of parties. As previously mentioned, we reversed the chancellor’s decision to remove Wallace as the administrator of the estate. It follows that Wallace had standing to file the wrongful-death suit, and the circuit court had the authority to hear Wallace’s motion for substitution of parties. Accordingly, we also remand this case on the substitution-of-parties issue to the circuit court for further proceedings.
¶11. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND MAXWELL, JJ„ CONCUR. CARLTON, J., NOT PARTICIPATING.

. The record refers to Wallace as "Gilkey.” For continuity and to distinguish the parties, we will do the same.