Presented by this appeal is a matter involving the ranking of liens.
Defendant, George W. Foster, became delinquent in the payment of rent for premises located in Alexandria, Rapides Parish, Louisiana, in which he operated a restaurant under the name of "Parkway Inn", and such delinquency resulted in the commencement of this proceeding by the lessor, Southern Enterprises, Inc., to obtain the enforced collection of the indebtedness. A writ of provisional seizure issued, and thereunder the equipment and fixtures in the leased premises were seized.
In due time judgment on confirmation of default was rendered in plaintiff's favor for the amount of rental claimed. Also, it maintained the writ of provisional seizure.
While the seized property was being advertised for judicial sale by the Sheriff of Rapides Parish, Otto E. Passman, doing business as Passman Equipment Company, filed in the cause a petition of third opposition. In it he averred his holding a chattel mortgage on some of the seized property, and he asked that it be recognized and enforced and decreed to be superior in rank to the lessor's privilege claimed by plaintiff.
The court, as requested to do, ordered a separate sale of the articles on which the chattel mortgage was claimed. It was conducted, and the sheriff retained the proceeds thereof, awaiting further orders.
Plaintiff answered the petition of third opposition alleging that its lessor's lien outranked defendant's claim.
The issues thus created were tried; and the court rendered judgment in favor of *Page 844 
plaintiff, rejecting the demands of third opponent. The latter appealed.
Several reasons are assigned by appellee in support of the contention that the asserted chattel mortgage is ineffective as against its lessor's lien. At least one of these appears to us to be meritorious: It is: "That the purported chattel mortgage, certified copy of which was annexed to opponent's petition, did not comply with the provisions of Section 2 of Act 198 of the Louisiana Legislature for the year 1918 and the acts amendatory thereof in that the original or a certified copy of that instrument was not recorded in the office of the Recorder of Mortgages in the parish wherein it was executed."
Section 2 of Act No. 198 of 1918, as last amended by Act 178 of 1936, provides for the preparation, execution and recordation of a chattel mortgage; and, in so far as here pertinent, it reads: "* * * In order to affect third persons without notice, both within the Parish where recorded and outside of the Parish where recorded, but within the State of Louisiana, said instrument must be passed by notarial act, or by private act duly acknowledged by one of the parties thereto, or by a subscribing witness thereto, before a Notary Public, and the original or a certified copy thereof shall be recorded in the office of the Recorder of Mortgages in the Parish where the Act of mortgage is executed, and also at the domicile of the mortgagor; provided, further, that the right to foreclose upon said mortgage by executory process shall not be permitted unless the mortgage be by authentic act."
The evidence discloses that the act of chattel mortgage was signed by defendant Foster, and the signature witnessed by two persons, at his domicile in Alexandria, Rapides Parish, Louisiana. Then it was taken to Monroe, Ouachita Parish, Louisiana, the place of business of third opponent, where one of the subscribing witnesses acknowledged the private act before a notary public. Recordation of the instrument was thereafter effected only in the office of the recorder of mortgages of Rapides Parish.
From these facts it is to be seen that in the execution of the instrument all of the formalities required by law were observed. But was it recorded in the parish where executed in accordance with the statutory requirement? This query can be correctly answered only after determining whether the execution occurred in Rapides Parish upon Foster's signing there or in Ouachita Parish where and when acknowledgment was made by the subscribing witness before a notary public.
The word "execution" when applied to a written instrument means the performance and completion of all of those formal acts that are essential for its effectiveness. Words and Phrases, Perm.Ed., Volume 15, page 563; United States v. Peppa, D.C. Cal.,13 F. Supp. 669; Swindall v. Ford, 184 Ala. 137, 63 So. 651; Fenby v. Hunt, 53 Wn. 127, 101 P. 492; Brown et al. v. Westerfield et al., 47 Neb. 399, 66 N.W. 439, 53 Am.St.Rep. 532.
Webster's New International Dictionary defines "execute" as: "To complete, as a legal instrument; to perform what is required to give validity to, as by signing and perhaps sealing and delivering; as, to execute a deed, will, etc."
Under the aforequoted statutory provision, a chattel mortgage must be proved before a notary public, by one of the methods therein announced, in order for it to be effective against third persons without notice, such as was this plaintiff. The accomplishment of this essential formal act, with respect to the chattel mortgage under consideration, did not occur in Rapides Parish. It took place in Ouachita Parish. Therefore, the last-named parish was the place where the mortgage was executed; and, as neither the act nor a certified copy thereof was recorded there, this plaintiff was not affected by it.
Perhaps there is no sound reason for requiring the recordation of a chattel mortgage in the records of the parish where it is executed. That, however, is a matter which addresses itself to the sound discretion of the Legislature. Such recordation is made essential by the statute which creates and deals with chattel mortgages, and that enactment must be strictly construed. Durel v. Buchanan, 147 La. 804, 86 So. 189.
The judgment appears to be correct and it is affirmed.
TALIAFERRO, J., dissents.