This is the second time this case has been before us for determination. The lower court in a written opinion has correctly stated the issues involved and determined them against defendants. Its opinion is as follows:
"The plaintiff has brought suit against the defendants as endorsers of a certain *Page 274 
promissory note secured by a chattel mortgage and the principal facts are as follows:
"An ice company of Monroe, Louisiana, purchased from defendants herein on May 15, 1940, certain machinery for which it gave to the defendants its promissory note of that date secured by a chattel mortgage which was duly recorded in the Parish of Ouachita, but not in Rapides where it was executed. It was recorded in the Parish of Ouachita on May 24, 1940, and although there was some controversy as to when the machinery was delivered to the ice plant in Monroe, it is the opinion of this Court that the evidence establishes that it was delivered on May 27, 1940, after the chattel mortgage had been duly recorded in Ouachita.
"The defendants transferred the note by proper endorsement to the plaintiff bank. The bank acquired the note on May 30, 1940, and the installments due on the 15th of each month were paid up until September 15, 1940, and the payments were not made on October 15th, November 15th and December 15th, 1940. After the three installments were not paid when due, the bank made an investigation and found that the assets of the maker of the note had been sold to satisfy a claim for rent and that among those assets was included the machinery on which rested a chattel mortgage securing the note in suit. The plaintiff bank then took the matter up with the defendants who refused to pay the note and suit was filed.
"The District Court rendered judgment upon the pleadings in favor of plaintiff and the defendants appealed. The Court of Appeal affirmed the judgment of the District Court but, upon a writ to the Supreme Court, the case was reversed and remanded for trial. (See the same case reported in La.App., 12 So.2d 815;202 La. 787, 12 So.2d 819).
"The defense to this action is that the plaintiff made no effort to protect the property mortgaged to secure the note sued upon and through negligence and laches, permitted the property to be sold without notice to the defendants, and that having done so the defendants as endorsers of the note were discharged. The Supreme Court upheld this contention as being the law, and, although the endorsers had waived demand, protest, and notice of nonpayment and agreed to extensions of time of payment without notice, nevertheless the holder of the note could not intentionally or negligently release or destroy the security without releasing the endorsers. Notwithstanding such waiver, the endorsers had the right to pay the note and have it returned, together with the security and all other rights acquired by the holder affecting the note.
"The plaintiff contends that the defendants were not prejudiced because of the seizure and sale of the property for the reason that the chattel mortgage was not recorded in the Parish of Rapides where it was executed and, for that reason, did not prime the lessor's lien. Southern Enterprises v. Foster, La.App.,12 So.2d 842.
"The defendants take the position that the mortgage was valid and effective between all parties with actual knowledge and notice of the mortgage, and that they were prejudiced by not being notified by the bank so that they could have contested with the lessor and show, if they could that he had actual notice of the chattel mortgage, and further, they could have protected themselves in the event that the mortgage was primed by the lessor's lien by compromise or settlement of the claim and to recover the property mortgage to secure the note.
"There is merit in the contention of the defendants, but due to the conclusion reached by the Court, it is unnecessary to decide this point and the Court expresses no opinion thereon.
"The decisive question presented is whether or not the plaintiff bank was negligent in permitting the property to be sold at public auction to satisfy a claim for rent to such a degree as to release the defendants as endorsers. The property was advertised and sold at public auction and the evidence showed that there was a legal recorder published in the City of Monroe which purported to give a list of all Court actions in all suits filed in the District Court, and that the plaintiff bank subscribed to that recorder. However, it is evident that the notice which might have appeared in the recorder, and the published notice of sale escaped the attention of the responsible officers or employees of the bank who had any knowledge of the note sued upon. There is no evidence that the plaintiff bank had any knowledge of the suit for rent and the public sale of the property securing this note. It then resolves itself into whether or not the failure of the bank to see the public notice or by proper investigation to find out from *Page 275 
time to time the status of the property is such negligence as to warrant the discharge of the defendants as endorsers. This Court thinks not. It had no actual knowledge and the suit on the claim for rent escaped the attention of the bank officers who handled this note and in the Court's opinion that was not negligence.
"The defendants contend that the plaintiff bank was negligent in not notifying them of the failure on the part of the maker to pay the installments when due. However, that was specifically waived by the defendants when they endorsed this note under the specific provisions of waiver contained therein.
"For these reasons, the Court is of the opinion that the plaintiff is entitled to judgment as prayed for and will sign a formal decree consistent with the views herein expressed."
This case was formerly decided by the District Court on the face of the pleadings without any evidence offered by either side. We affirmed that decision, 12 So.2d 815, the Supreme Court,202 La. 787, 12 So.2d 819, 821, granted a writ of review and reversed both lower courts and remanded the case to be tried on the issues presented by the pleadings.
The Supreme Court determined the issues by accepting as true the allegations of defendants' answer which were that the chattel mortgage and note held by plaintiff primed the lessor's lien under which the chattel was sold at public sale and that the chattel was of sufficient value to satisfy the note held by plaintiff and which had been endorsed by defendants, and that a separate appraisal and sale of the chattel would have resulted in full payment of plaintiff. It further correctly accepted as true, for the purpose of its decision, the allegations in the answer that plaintiff knowingly and intentionally or through extreme negligence failed to intervene in the lessor's suit, so as to assert superior rights under the chattel mortgage, and likewise failed to notify the endorsers in order that they might protect the collateral, and, if this had been done, the value of the chattel thereby lost was sufficient to liquidate the note in full.
The Supreme Court, after setting out the above allegations of defendants' answer, said,
"Consequently, this case cannot be considered as one where the holder of a note failed to intervene in a suit by a lessor against the mortgagor and maker of the note for rent, where the lessor's lien primed the chattel mortgage and the mortgaged property was sold and did not bring more than enough to pay the rent."
After this case was remanded and trial had, the evidence offered clearly brings it within the class of cases which the pleadings showed it not to be, as was said by the Supreme Court. The facts as shown by the present record are that the chattel mortgage represented by the note involved here was executed in Alexandria, Rapides Parish, Louisiana, and was recorded in Monroe, Ouachita Parish, Louisiana, but was not recorded or filed for record in Rapides Parish. The mortgage covered one New Allis-Chalmers E-60 Power Unit, Serial PU 3666E, Motor 290056, for the balance of the purchase price in the amount of $572, for which one note was executed and made payable in monthly installments. The mortgage filed was recorded May 24, 1940, in Ouachita Parish, Louisiana. The Power Unit was taken to Monroe, Louisiana, and delivered to the Lee Avenue Ice Company, a lessee of the building owned by Sam Pasternack. At the time the Power Unit was placed in the building, Pasternack held a lease contract with the lessee for a five-year period at $45 per month, which provided the failure to pay certain monthly installments matured the entire obligation. The date of this lease was May 2, 1939.
On August 23, 1940, Lee Avenue Ice Service, Inc., the successor to the Lee Avenue Ice Company, executed a chattel mortgage to Pasternack covering everything in the leased premises, except the Power Unit involved here, to secure an additional indebtedness to Pasternack in the sum of $2,335.80. On October 5, 1940, Pasternack instituted suit against his lessee to recover $2,160, with 8% per annum interest from May 2, 1940 until paid and 25% attorney's fees on both principal and interest, as called for in the rent contract, and provisionally seized everything on the leased premises, including the Power Unit. In the same suit he prayed for judgment under the chattel mortgage he held against the lessee in the sum of $2,335.80, with interest at the rate of 7% per annum from July 16, 1940 until paid and 25% on principal and interest as attorney's fees, as provided for in the chattel mortgage. A writ of sequestration was issued under this claim and all property in and on the leased *Page 276 
premises was seized, except the Power Unit.
On November 13, 1940, judgment was rendered for Pasternack as prayed for. Under this judgment, all the property seized under both writs was sold at public auction. The certificate of the Clerk of Court shows that the writ of fieri facias was issued on November 15, 1940 and certificate and mortgage was prepared and delivered to the Sheriff on December 7, 1940, but that neither was ever returned to the Clerk's Office, therefore, we have no way of knowing the amount bid and paid for the goods at Sheriff's sale. But since the defendants' claim is based upon the false allegation that the mortgage held by plaintiff on the Power Unit primed the lessor's lien, and there is no contention by defendants that the property sold for more than enough to pay the lessor's claim, that unknown fact becomes immaterial. Pasternack testified that he did not have any notice or knowledge of an existing chattel mortgage on the Power Unit, and since the mortgage was not filed for record in Rapides Parish, where it was executed, it could not prime his lessor's lien since he was a third person without notice. Southern Enterprises, Inc. v. Foster, La.App., 12 So.2d 842.
We know of no law which would require the holder of a mortgage note, which was outranked by a lessor's lien, to intervene in a suit by the lessor to have its privilege and lien enforced. All the second-ranking lienholder could receive would be the excess, if any, after the first lienholder had been fully paid. It is not contended here there was any excess.
Defendants urged in the lower court and renew here their objection to any testimony tending to show that the lessor's privilege outranked the chattel mortgage on the Power Unit. There is no merit in the objection for the reason defendants made it an issue by alleging in their answer that the chattel mortgage lien on the Power Unit was superior to the lessor's lien, and the Supreme Court's decision was based in part, at least, upon that allegation.
The contention that defendants might have been able to effect a compromise or to show their lien outranked the lessor's lien in a separate suit, if they had known of the impending sale, is without force. They had their opportunity in this suit to establish their allegation of the superior rank of their chattel mortgage lien and failed.
The lower court awarded judgment for the plaintiff as prayed for, basing its judgment upon the fact that defendants failed to show that plaintiff had actual knowledge of the impending sale under the judgment secured by Pasternack. While the results are the same, we prefer to base our decision upon other grounds which we have set out above and, therefore, it is unnecessary for us to pass upon the question of negligence or knowledge on the part of plaintiff.
The judgment of the lower court in favor of plaintiff is correct and is affirmed, with costs. *Page 309