# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-IA-01024-SCT

*BRITTANY SPANN, LPN, MARY McGOWAN, LPN, PATRICIA RHODES, LPN, AND BARBARA SCOTT, LPN*

*v.*

*PATSY WOOD, INDIVIDUALLY, AS ADMINISTRATRIX OF THE ESTATE OF PATRICIA BRIDGEMAN PEOPLES, DECEASED, NATURAL DAUGHTER AND WRONGFUL DEATH BENEFICIARY OF PATRICIA BRIDGEMAN PEOPLES; SANDRA KAY MADISON, NATURAL DAUGHTER AND WRONGFUL DEATH BENEFICIARY OF PATRICIA BRIDGEMAN PEOPLES AND SAMUEL PEOPLES, NATURAL SON AND WRONGFUL DEATH BENEFICIARY OF PATRICIA BRIDGEMAN PEOPLES*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/29/2016 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | ADRIA H. JETTON |
| | BRADLEY W. SMITH |
| | D. STERLING KIDD |
| ATTORNEYS FOR APPELLEES: | WAYNE E. FERRELL, JR. |
| | R. PAUL WILLIAMS, III |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED - 09/13/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

COLEMAN, JUSTICE, FOR THE COURT:

¶1.    Patsy Wood, administratix of Patricia Peoples's estate and a wrongful death beneficiary, as well as Sandra Kay Madison and Samuel Peoples, Peoples's other children and wrongful death beneficiaries, sued Lakeland Nursing and its employees, primarily the nurses involved in caring for Peoples, for negligence.  Lakeland Nursing and Nurses Brittany Spann, Mary McGowan, Patricia Rhodes, and Barbara Scott (collectively "the Nurses") filed motions to dismiss, arguing that Wood did not comply with the presuit notice requirements provided in Mississippi Code Section 15-1-36(15) (Rev. 2012).  The Hinds County Circuit Court, First Judicial District, denied the motions to dismiss, and the parties petitioned for interlocutory review.

¶2.    The interlocutory appeal presently before the Court involves the sole issue of whether Patsy Wood gave proper presuit notice to the Nurses pursuant to Mississippi Code Section 15-1-36(15), such that the circuit court correctly denied the Nurses' motions to dismiss. Finding that Wood failed to do so, we reverse the trial court's denial of the Nurses' motion to dismiss, and we remand for further proceedings consistent with the instant opinion.

**FACTS**

¶3.    Peoples, a resident at Lakeland Nursing and Rehabilitation Center, LLC, fell on September 12, 2011, and died from her injuries.  Her children sued Lakeland Nursing and the Nurses for negligence.  On December 29, 2011, Wood's counsel mailed a letter to Lakeland Nursing stating that "Lakeland Nursing and Rehab Center and its *employees* were negligent and that their negligence was a contributing proximate cause of . . . Peoples's fall, her injuries and her subsequent death." (Emphasis added.)  The letter requested Lakeland

Nursing's liability insurance information, as well as Peoples's medical records. In July 2013, Wood sent a letter notifying Lakeland Nursing of her intent to sue, and Wood filed her complaint in August 2013 and amended the complaint in September 2013. Though Wood eventually did send the Nurses letters, personally and to their home addresses, informing them of her intent to sue, the sole issue is whether the December 29, 2011, letter provided presuit notice to the Nurses.

¶4.    Lakeland Nursing and the Nurses filed motions to dismiss, arguing that Wood did not comply with the presuit notice requirements provided in Mississippi Code Section 15-1-36(15) (Rev. 2012). The trial court denied the motions to dismiss based on the December 29, 2011, letter. According to the trial court, "[p]roof that Plaintiffs' letter dated December 29, 2011, is a proper notice of intent to sue letter is the fact that the Defendants retained counsel from the law firm of Baker Donelson, who responded to Plaintiffs' December 29, 2011, notice of intent to sue letter on January 6, 2012, clearly acknowledging that Plaintiffs' December 29, 2011, letter was a proper notice of intent to sue letter."

¶5.    Following the denial of their motions to dismiss, Lakeland Nursing and the Nurses sought interlocutory review. The Court granted interlocutory appeal and stayed the proceedings in the trial court only as to the trial court's order denying the Nurses' motions to dismiss. The Court denied Lakeland Nursing's interlocutory appeal, and we ordered the trial court to determine if the proceedings against Lakeland Nursing should be stayed.

¶6.     According to the Nurses, the issue on appeal is "[w]hether a letter to a medical facility requesting a patient's medical records satisfies the presuit notice requirement of [Section] 15-1-36(15) for all of the facility's current and former employees."

## ANALYSIS

¶7.     The Court applies de novo review in reviewing a motion to dismiss. ***Scaggs v. GPCH-GP, Inc.***, 931 So. 2d 1274, 1275 (¶) (Miss. 2006).  In the instant case, the Court must decide whether, under Section 15-1-36(15), the letter addressed to Lakeland Nursing alone and referencing the negligence of Lakeland Nursing "and its employees" constituted adequate presuit notice to the employees, the Nurses.

¶8.     To determine the legislative intent behind Section 15-1-36(15), "the Court first looks to the language of the statute.  If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction." ***Lawson v. Honeywell Int'l, Inc.***, 75 So. 3d 1024, 1027 (¶ 7) (Miss. 2011) (citations omitted).  Section 15-1-36(15) states:

> No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered.

Miss. Code Ann. § 15-1-36(15).  "The most fundamental rule of statutory construction is the plain meaning rule, which provides that if a statute is not ambiguous, then this Court must apply the statute according to its terms." ***Buckel v. Chaney***, 47 So. 3d 148, 158 (¶ 35) (Miss. 2010) (quoting ***State ex rel. Hood v. Madison Cty. Bd. of Supervisors***, 873 So. 2d 85, 90 (¶

4

19) (Miss. 2004)). The Legislature's use of the word "defendant," a singular noun, appears to require individual presuit notice to each of several defendants. The Legislature's use of "the" further supports a determination that the Legislature intended each defendant receive presuit notice, especially in light of the Legislature's use of the singular noun "health care provider" in the same sentence. Lakeland Nursing is a healthcare provider, and each nurse involved also is a healthcare provider, so requiring notice to each individual healthcare provider is consistent with the language and purpose of the statute. The clear and unambiguous language of Section 15-1-36(15) requires each defendant to receive presuit notice, even if there is an employer-employee relationship among the defendants.

¶9. Also important is that the trial court's denial of the Nurses' motions to dismiss is a clear departure from the Court's wealth of caselaw requiring strict compliance with Section 15-1-36(15). The Court has held unwaveringly that strict compliance with Section 15-1-36(15) is required, and the failure to satisfy the requirements mandates dismissal without prejudice. *Fowler v. White*, 85 So. 3d 287, 291 (¶ 13) (Miss. 2012). The Court explained in *Pitalo v. GPCH-CP, Inc.*, 933 So. 2d 927, 929 (¶ 5) (Miss. 2006), that, "[w]hen drafting [Section 15-1-36(15)], the Legislature did not incorporate any given exceptions to [the] rule which would alleviate the prerequisite condition of prior written notice." For example, in *Arceo v. Tolliver*, 19 So. 3d 67, 71-72 (¶¶ 12-21) (Miss. 2009), Myrtis Tolliver appealed the trial court's dismissal of her suit for failing to comply with Section 15-1-36(15) in giving Dr. Salvadore Arceo and St. Dominic Hospital notice. Tolliver's issue on appeal was that, "under the facts of this case, a notice letter was not required[,]" because the case had been

5

ongoing for two years; thus, Dr. Arceo and St. Dominic had actual notice of the claims against them. *Id.* at 71 (¶¶ 11-12). The Court rejected that actual notice was a substitute for the required statutory notice under Section 15-1-36(15): "The statute does not provide an exception to notice requirements for medical negligence cases in which a defendant may have actual notice of the particulars of a claim[.]" *Id.* at 72 (¶ 19). The Court noted that it had "rejected the argument that actual notice of a claim and its details obviates the necessity of written notice under the [Mississippi Tort Claims Act]." *Id.* While actual notice is not being argued in the instant case, if the Court has held that a party's actual notice of a claim does not satisfy Section 15-1-36(15), then notice to an employer certainly does not satisfy Section 15-1-36(15) as notice to the defendant-employees. Further, the Legislature did not provide an exception that notice to an defendant-employer would satisfy the need to notify any defendant-employees of the impending suit.

## CONCLUSION

¶10.     Because the plain language of Section 15-1-36(15) required Wood to provide presuit notice to each of the nurses and because holding otherwise contradicts our clear caselaw, we reverse the trial court's denial of the Nurses' motion to dismiss and remand the case to the Hinds County Circuit Court for further proceedings consistent with the instant opinion.

¶11.     **REVERSED AND REMANDED.**

        **WALLER, C.J., RANDOLPH, P.J., MAXWELL, BEAM, CHAMBERLAIN AND ISHEE, JJ., CONCUR. KITCHENS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, J.**

        **KITCHENS, PRESIDING JUSTICE, DISSENTING:**

6

¶12.    On September 12, 2011, Patsy Wood observed Lakeland Nursing and Rehabilitation Center, LLC, neglect her mother, Patricia Peoples, a Lakeland resident who suffered from dementia and other medical maladies. Wood informed Lakeland of Peoples's infirmities and warned Lakeland that her mother required constant observation and care because she was susceptible to falling. But upon returning to her home that same day, Wood learned that her mother had fallen from her wheelchair and had been taken to St. Dominic Hospital. Peoples had sustained a large contusion to her head and brain, which ultimately caused her death. Wood, administratrix of Peoples's estate and a wrongful-death beneficiary, and Peoples's other children and wrongful-death beneficiaries, Sandra Kay Madison and Samuel Peoples, sued Lakeland and its employees, averring that Lakeland and its employees had been negligent and that their negligence had caused Peoples's head and brain injuries and, ultimately, her death.

¶13.    Prior to filing her complaint, Wood had sent a letter on December 29, 2011, informing Lakeland that she intended "to recover damages for injuries and the subsequent death" of Peoples. Under Mississippi Code Section 15-1-36(15) (Rev. 2012), Wood then provided presuit notice to Lakeland and to nurses who she alleged had neglected Peoples, including Brittany Spann, Mary McGowan, Patricia Rhodes, and Barbara Scott. Lakeland and the nurses filed motions to dismiss, arguing that the December 29, 2011, letter did not comply with the presuit notice requirements of Section 15-1-36(15). The Circuit Court of the First Judicial District of Hinds County denied the motions to dismiss, after which Lakeland and the nurses petitioned this Court for interlocutory appeal. We granted interlocutory appeal

only as to the nurses' motion to dismiss. Because the motion to dismiss was denied properly, I would affirm the judgment and remand the case for further proceedings. Accordingly, I respectfully dissent.

¶14.    The following timeline is helpful to an understanding of the facts of this case:

| September 12, 2011 | Patricia Peoples fell, sustained head and brain injuries, and died. |
|---|---|
| December 29, 2011 | Wood's counsel, Wayne Ferrell, Jr., sent a letter by certified mail to Lakeland stating that the preliminary investigation had "revealed that Lakeland and its employees were negligent and that their negligence was a contributing proximate cause of Ms. Peoples'[s] fall, her injuries and her subsequent death." The letter requested information about Lakeland's liability insurance. The letter also requested Peoples's medical records. |
| January 3, 2012 | The certified letter, which had been mailed by Wood's counsel on December 29, 2011, was marked received by Lakeland. |
| January 6, 2012 | Bradley W. Smith informed Wood's counsel by letter that Baker Donelson Bearman Caldwell & Berkowitz, PC, represented Lakeland. In order to proceed with the records request, Smith required further information, including letters of administration, or an affidavit stating that no estate had been opened, and a medical records authorization. |
| April 26, 2012 | The Baker Donelson law firm sent an invoice to Wood's counsel in the amount of $3,772 "for pre-payment of Patricia Peoples'[s] medical records and administrative file from Lakeland." |
| July 26, 2013 | Wood's counsel sent by certified mail a "Notice of Intention to Initiate Medical Negligence Action" under Mississippi Code Section 15-1-36(15) (Rev. 2012), naming Lakeland, as a defendant. |

8

| | |
|---|---|
| August 5, 2013 | Wood's counsel sent by certified mail a "Notice of Intention to Initiate Medical Negligence Action Pursuant to M.C.A. § 15-1-36(15)" against Lakeland and its employees. Brittany Spann, LPN, Mary McGowan, LPN, Patricia Rhodes, LPN, and Barbara Scott, LPN, were named as employees of Lakeland. The letter was mailed to Spann, McGowan, Rhodes, and Scott at Lakeland's address. |
| August 29, 2013 | Wood's counsel sent by certified mail a "Notice of Intention to Initiate Medical Negligence Action" under Section 15-1-36(15). A. Moore, LPN, was named as an employee of Lakeland and the letter was mailed to Moore. |
| August 30, 2013 | Wood's counsel filed the complaint, which named as defendants Spann, McGowan, and Moore. |
| September 4, 2013 | Wood's counsel sent by certified mail a Notice of Intention to Initiate Medical Negligence Action Pursuant to Section 15-1-36(15). Moore, Spann, Rhodes, and Scott were named as employees of Lakeland. The letter was addressed and mailed to Moore, Spann, Rhodes, and Scott at what appears to be their respective personal addresses. |
| September 6, 2013 | Wood's counsel filed an amended complaint, which named as defendants Spann, McGowan, Moore, Rhodes, and Scott. |
| September 12, 2013 | The two-year statute of limitations of Mississippi Code Section 15-1-36(1) (Rev. 2012) expired. |
| September 27, 2013 | Wood's counsel filed a certificate of consultation, indicating that he had consulted at least one expert qualified to testify as to the standard of care under Mississippi Code Section 11-1-58(1) (Rev. 2014), the Mississippi Rules of Civil Procedure, and the Mississippi Rules of Evidence. |
| October 9, 2013 | According to Wood, Lakeland's agent for service of process was served with the complaint, certificate of |

| | |
|---|---|
| | consultation, amended complaint, interrogatories, and requests for production. |
| November 8, 2013 | Lakeland filed a motion to dismiss, arguing that presuit notice had not been provided Lakeland at least sixty days prior to the filing of the complaint as required by Section 15-1-36(15). |
| November 25, 2013 | Lakeland asked the circuit court to stay proceedings, including Wood's interrogatories and requests for production pending the court's ruling on Lakeland's motion to dismiss. |
| December 23, 2013 | Wood filed a Motion for Additional Time to Serve Defendants Spann, McGowan, Moore, Rhodes, and Scott[1] with summonses, complaints, amended complaints, and notices of intent to initiate medical negligence actions. Wood also filed a Motion to Compel the Defendants to Answer Interrogatories and Produce Documents Requested in Requests for Production of Documents. |
| December 26, 2013 | Rhodes was served with summons, complaint, interrogatories, and requests for production. |
| December 27, 2013 | McGowan and "Akemi Moore" were served with summons, complaint, interrogatories, and requests for production. |
| December 28, 2013 | Scott was served with summons, complaint, interrogatories, and requests for production. |
| December 30, 2013 | Spann was served with summons, complaint, interrogatories, and requests for production. |

---

[1] Wood stated in the motion that she had attempted but had been unable to serve Spann, McGowan, Moore, Rhodes, and Scott at their personal addresses. Moreover, Wood stated that she had requested, via interrogatories and requests for production of documents, "the full names and addresses of [] each nurse, employee, staff member, officer, director or physician who was involved in the observation or care of Patricia Bridgeman Peoples," but that Lakeland had refused to answer the interrogatories and requests for production of documents.

| | |
|---|---|
| January 8, 2014 | The circuit court found that Wood had exercised due diligence and granted her an additional 120 days to serve Spann, McGowan, Moore, Rhodes, and Scott. |
| January 18, 2013 | Baker Donelson acknowledged receipt of payment and enclosed "records received from Lakeland . . . ." |
| January 27, 2014 | Spann, Rhodes, and McGowan filed a motion to dismiss, arguing that presuit notice had not been provided Lakeland at least sixty days prior to the filing of the complaint as required by Section 15-1-36(15). Spann, Rhodes, and McGowan also asked the circuit court to stay proceedings, including Wood's interrogatories and requests for production, pending that court's ruling on Lakeland's motion to dismiss. |
| February 20, 2014 | According to Wood, the circuit court stayed discovery after an oral argument took place. |
| April 24, 2014 | Wood filed her second Motion for Additional Time to Serve Defendant A. Moore.[2] |
| April 30, 2014 | The circuit court found that Wood had exercised due diligence and granted her an additional 180 days to serve "A. Moore, L.P.N., and other Defendants."[3] |
| May 20, 2014 | Scott filed a motion to dismiss, arguing that the presuit notice requirement of Section 15-1-36(15) had not been provided to Lakeland at least sixty days prior to the filing of the complaint. |

---

[2] Wood stated that, while she had perfected service on Lakeland, Spann, McGowan, Rhodes, and Scott, she had been unable to serve Moore. Wood's counsel reiterated that Lakeland had refused to answer interrogatories and requests for production of documents.

[3] "A. Moore" is not a named defendant in the present interlocutory appeal.

11

| | |
|---|---|
| October 16, 2014 | Wood filed a motion seeking an "Order Granting Plaintiffs Additional Time to Serve Defendants With Summons, Complaint, Amended Complaints . . . ."[4] |
| June 27, 2016 | The circuit court denied Lakeland's motion to dismiss, holding that Wood's December 29, 2011, letter constituted a proper notice of intent to sue pursuant to Section 15-1-36(15). For the same reason, the circuit court also denied motions to dismiss which had been filed collectively by Spann, McGowan, Rhodes, and Scott. |

¶15. Mississippi Code Section 15-1-36(15) provides that:

No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered.

Miss. Code Ann. § 15-1-36(15) (Rev. 2012). This Court has held that the presuit notice requirement is mandatory. *See Price v. Clark*, 21 So. 3d 509, 519 (Miss. 2009) ("[D]ismissal was the proper remedy for failure to comply with the notice requirements."); *Forest Hill Nursing Ctr. and Long Term Care Mgmt., LLC v. Brister,* 992 So. 2d 1179, 1188 (Miss. 2008) ("[A]s a named party, Forest Hill was entitled to sixty days['] notice before the filing of the suit, failing which, Forest Hill was entitled to dismissal."); *Thomas v. Warden*, 999

---

[4] Wood stated that she again had been unable to serve "A. Moore, L.P.N., because the Defendants will not produce A. Moore's full legal name and address, although the Plaintiffs have attempted to serve the Defendant, A. Moore, L.P.N." According to Wood, the circuit court stayed discovery after a February 20, 2014, oral argument and that, thereafter, "Defendants have been using that Court ordered ban on discovery to hide the names, addresses, and liabilities of employees and representatives of Lakeland . . . who were involved in [Peoples's] care." This caused Wood to purchase "a list of all nurses registered with the State of Mississippi to identify, locate, and serve the remaining Defendants at an expense of $500.00."

So. 2d 842, 847 (Miss. 2008) ("Because Thomas failed to provide a sixty-day notice as required by Section 15-1-36(15), we must affirm the trial court's dismissal of the complaint."); *Arceo v. Tolliver*, 949 So. 2d 691, 694 (Miss. 2006) (Dismissal appropriate because "the plaintiff wholly failed to provide any written notice to any medical provider concerning her intention to commence suit."); *Pitalo v. GPCH-GP, Inc.*, 933 So. 2d 927, 929 (Miss. 2006) ("Pitalo's failure to send to defendants a notice of intent to sue is an inexcusable deviation from the Legislature's requirements for process and notice under Miss. Code Ann. Section 15-1-36(15), and such failure warrants dismissal of her claim.").

¶16.    But in each of the above cases, the plaintiffs altogether had failed to comply with Section 15-1-36(15) by not providing notice of their intention to file a lawsuit sixty days before filing a complaint. The Court did not consider in those cases the adequacy of presuit notice to the defendant employer and to the defendant employees when the presuit notice was addressed only to the defendant employer. Here, the December 29, 2011, letter informed Lakeland that Wood's attorney, Ferrell, had been retained to represent the plaintiffs "in their efforts to recover damages for injuries and the subsequent death of their mother . . . . As you are aware Ms. Peoples fell at your nursing home causing a large contusion to her head which subsequently caused her death." The letter continued: "Our preliminary investigation reveals that Lakeland . . . and its employees were negligent and that their negligence was a contributing proximate cause of Ms. Peoples'[s] fall, her injuries and her subsequent death."

¶17.    Wood relies on *Scaggs v. GPCH-GP, Inc.*, 931 So. 2d 1274 (Miss. 2006), and *Pope v. Brock*, 912 So. 2d 935 (Miss. 2005), in support of her argument that the December 29,

13

2011, letter "was sufficient to put the Defendants/Appellants on notice of the claims and met the requirements of 15-1-36, and as a result thereof the Defendants/Appellants were put on sufficient notice of the claims pursuant to § 15-1-36(15), and Plaintiffs' Complaints were timely filed."

¶18.    Mary Scaggs, who was scheduled to have surgery, fell and sustained injuries during the preoperative process at Garden Park Medical Center on March 14, 2002. *Scaggs*, 931 So. 2d at 1275. She sent presuit notice to Garden Park on December 10, 2002, and again, represented by other counsel, on January 28, 2004. *Id.* She sued Garden Park on April 12, 2004. *Id.* Garden Park sought dismissal or, alternatively, summary judgment because Scaggs's complaint was filed after the statute of limitations had expired. *Id.* The trial court agreed and granted the motion to dismiss. *Id.* This Court reversed and remanded, holding that Scaggs's "time to file suit was extended sixty days past the two-year anniversary of her alleged injuries which occurred March 14, 2004." *Id.* at 1277.

¶19.    The *Scaggs* Court based its decision on *Pope*, in which Ginger Pope, Administratrix of the Estate of Nancy Springer, filed a wrongful death suit against two physicians, Bolivar Medical Center, and University of Mississippi Medical Center on July 30, 2003, "[i]n what she believed was compliance with a statutorily required sixty-day notice period[.]" *Pope*, 912 So. 2d at 936. Because Springer had died on June 2, 2001, the defendants filed motions to dismiss, asserting that the statute of limitations had expired. *Id.* The trial court granted the motions. *Id.* On appeal, this Court reversed and remanded, holding that "the most reasonable

14

interpretation of Miss. Code Ann. § 15-1-36(15) and § 15-1-57[5] tolls the two-year statute of limitations for sixty days." *Id.* at 939.

¶20.    *Scaggs* and *Pope* provide only that if presuit notice is filed before the expiration of the statute of limitations, the plaintiff has sixty days beyond the statute of limitations within which to file the lawsuit. Those cases are not dispositive of the issue before the Court: whether the December 29, 2011, letter adequately provided notice to Lakeland's employees, the Lakeland nurses, even though those nurses were not specifically named in the letter, nor was the letter mailed to them at their personal addresses.

¶21.    But in *Scaggs* this Court recited the principle that:

> The duty of this Court is to interpret the statutes as written. It is not the duty of this Court to add language where we see fit. "[O]ur primary objective when construing statutes is to adopt that interpretation which will meet the true meaning of the Legislature." *Stockstill v. State*, 854 So. 2d 1017, [1023] (Miss. 2003) (quoting *Anderson v. Lambert*, 494 So. 2d 370, 372 (Miss. 1986)).

*Scaggs*, 931 So. 2d at 1276. "Our duty is to carefully review statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case." *Hall v. State*, 241 So. 3d 629, 631 (Miss. 2018) (quoting *Corp. Mgmt., Inc. v. Greene Cty.*, 23 So. 3d 454, 465 (Miss. 2009)).

---

[5] Mississippi Code Section 15-1-57 states that:

> When any person shall be prohibited by law, or restrained or enjoined by the order, decree, or process of any court in this state from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited, enjoined or restrained, shall not be computed as any part of the period of time limited by this chapter for the commencement of such action.

Miss. Code Ann. § 15-1-57 (Rev. 2012).

¶22.   Here, Section 15-1-36(15) states that "[n]o action based upon the health care provider's professional negligence may be begun unless the *defendant* has been given at least sixty (60) days' prior written notice of the intention to begin the action." (Emphasis added.) "[D]efendant," a singular noun, appears to require individual presuit notice to each of several defendants. But the noun "defendant," immediately preceded by the definite article "the" suggests that the legislature did not contemplate a lawsuit, such as the instant one, against a defendant-employer, a corporation, and its defendant-employees.

¶23.   Wood argues that Lakeland and the Lakeland nurses concealed the nurses' identities and that: "Plaintiffs/Appellees received an Order from the Court allowing them additional time to serve notices of intent to sue and to serve process on the unknown Defendants for which the Plaintiffs/Appellees did not have the addresses of the unknown Defendants and could not obtain addresses for the unknown Defendants." Wood states that:

> Despite spending $3,772.00 for the medical records; $500.00 for a written roll of all nurses in Mississippi from the Mississippi Nursing Association; and requests for discovery from the Defendants; the Plaintiffs were unable to identify the names and addresses of the members of the nursing staff[] who were involved in the negligent treatment of Patricia Peoples and/or the lack of treatment of Patricia Peoples.

She continues, "[t]he Defendants/Appellants have been grossly uncooperative and on many occasions when notice of claims letters were sent to potential Lakeland . . . employees and nurses[,] the letters were refused and/or not accepted." Wood argues that, if the Court is inclined to find that the Lakeland nurses had not been provided presuit notice by the letter dated December 29, 2011, "then Plaintiffs should be given additional time to obtain the full and correct names of the unidentified nurses, their addresses; additional time to serve Notices

16

of Intent to Sue; additional time to name these nurses in an amended Complaint; and additional time to serve these nurses with process and a Second Amended Complaint."

¶24. The Lakeland nurses reply that "Plaintiffs sought an extension of time to serve notice and add additional defendants after the Appellant employee-defendants were named as defendants in this action." (Emphasis in original.) But, while the Lakeland defendants were named in the August 5, 2013, notice, in the August 30, 2013, complaint, and in the September 6, 2013, amended complaint, that does not demonstrate that presuit notice was received or that service was perfected. The August 5, 2013, presuit notice was addressed to Spann, McGowan, Rhodes, and Scott, and was mailed to them at their workplace, Lakeland: "3640 Lakeland Lane, Jackson, MS 39216." The letter dated September 4, 2013, was addressed to Spann, Rhodes, and Scott at what appears to be personal addresses; but there is no indication that such mailing was effective. And Wood maintains on appeal that more time is required.

¶25. As this situation demonstrates, an interpretation of Section 15-1-36(15) requiring that presuit notice be sent to each singular defendant, even if the defendants are a defendant-employer and its defendant-employees, is untenable. The parties are arguing about matters properly relegated to the service of process and discovery phases of the litigation. And at all times, both Lakeland and the nurses were represented by one law firm, which responded to the December 29, 2011, letter: "Our firm represents Lakeland Nursing and Rehabilitation Center, LLC." In this context, the only workable interpretation of Section 15-1-36(15) is that

17

presuit notice to the defendant-employer constitutes presuit notice to the defendant-employer's employees.

¶26.    I would hold that Patsy Wood's December 29, 2011, letter notified Spann, McGowan, Rhodes, and Scott, employees of Lakeland Nursing and Rehabilitation Center, LLC, of the imminence of a lawsuit against them, in accordance with Mississippi Code Section 15-1-36(15) (Rev. 2012). Accordingly, I would find that the Circuit Court of the First Judicial District of Hinds County properly denied the Lakeland nurses' motion to dismiss and would affirm and remand the case to the trial court for further proceedings. I respectfully dissent.

**KING, J., JOINS THIS OPINION.**